UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| D B Industries, LLC, d/b/a Capital Safety USA, | ) ) ) ) Case No. _____ |
| Plaintiff, | ) ) |
| v. | ) ) |
| GF Protection, Inc., d/b/a Guardian Fall Protection, | ) **COMPLAINT** ) **(Jury Trial Demanded)** ) ) |
| Defendant. | ) |

D B Industries, LLC, d/b/a Capital Safety USA ("Capital Safety"), for its Complaint against Defendant GF Protection, Inc. d/b/a Guardian Fall Protection ("Guardian"), states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281-285.

## PARTIES

2. Capital Safety is a Minnesota limited liability company having a principal place of business at 3833 Sala Way, Red Wing, Minnesota 55066.

3. Guardian is a Washington Corporation having a Registered Office address at 26609 79th Avenue South, Kent, Washington 98032.

11489047v1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1367.

5. This Court has personal jurisdiction over Guardian because Guardian has purposefully availed itself of the privilege of conducting business in this District. Specifically, Guardian has committed such purposeful acts or transactions in the State of Minnesota that it reasonably knew or expected that it could be hailed into a Minnesota court as a future consequence of such activity. Guardian sells and offers for sale infringing fall protection equipment within the District of Minnesota and has a continuing presence and the requisite minimum contacts with the District of Minnesota. Accordingly, this Court has personal jurisdiction over Guardian.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b).

## COUNT I

### (Infringement of U.S. Patent No. 8,061,481)

7. On November 22, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,061,481 ("the '481 Patent"), titled "Suspension Trauma Relief Strap Assembly for Use with a Full Body Harness." Capital Safety owns all rights, title, and interest in and to the '481 Patent. A true and correct copy of the '481 Patent is attached is attached to this Complaint as Exhibit A.

8. By filing this Complaint, Capital Safety has complied with the statutory notice requirement in 35 U.S.C. § 287(a).

9. Guardian has directly infringed, contributed to the infringement of, and/or induced infringement of the '481 Patent by making, using, offering to sell, selling, and/or importing in the United States products that practice one or more of the inventions claimed in the '481 Patent, including Guardian's "Rescue G Loop" suspension trauma straps (Guardian Part No. 10731). A depiction of Guardian's "Rescue G Loop" suspension trauma straps is reproduced below.



10. Guardian's "Rescue G Loop" suspension trauma straps embody and are intended to practice the invention described and claimed in the '481 Patent.

11. Guardian has profited by making, using, offering to sell, selling, and/or importing in the United States its infringing "Rescue G Loop" suspension trauma straps.

12. As a result of Guardian's infringement of the '481 Patent, Capital Safety has suffered and will continue to suffer damage.

11489047v1

13. Capital Safety is entitled to recover from Guardian the damages it has suffered as a result of Guardian's unlawful acts.

14. On information and belief, Guardian intends to continue its infringement of the '481 Patent, and Capital Safety continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such infringement unless this Court enjoins Guardian.

15. On information and belief, Guardian's infringement of the '481 Patent is willful and deliberate, entitling Capital Safety to enhanced damages and its reasonable attorneys' fees and costs.

## COUNT II

### (Infringement of U.S. Patent No. 8,919,496)

16. On December 30, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. ("the '496 Patent"), titled "Suspension Trauma Relief Strap Assembly for Use with a Full Body Harness." Capital Safety owns all rights, title, and interest in and to the '496 Patent. A true and correct copy of the '496 Patent is attached to this Complaint as Exhibit B.

17. By filing this Complaint, Capital Safety has complied with the statutory notice requirement in 35 U.S.C. § 287(a).

18. Guardian has directly infringed, contributed to the infringement of, and/or induced infringement of the '496 Patent by making, using, offering to sell, selling, and/or importing in the United States products that practice one or more of the inventions claimed in the '496 Patent, including Guardian's "Rescue G Loop" suspension trauma

11489047v1

straps (Guardian Part No. 10731).  A depiction of Guardian's "Rescue G Loop" suspension trauma straps is reproduced in Paragraph 9.

19. Guardian's "Rescue G Loop" suspension trauma straps embody and are intended to practice the invention described and claimed in the '496 Patent.

20. Guardian has profited by making, using, offering to sell, selling, and/or importing in the United States its infringing "Rescue G Loop" suspension trauma straps.

21. As a result of Guardian's infringement of the '496 Patent, Capital Safety has suffered and will continue to suffer damage.

22. Capital Safety is entitled to recover from Guardian the damages it has suffered as a result of Guardian's unlawful acts.

23. On information and belief, Guardian intends to continue its infringement of the '496 Patent, and Capital Safety continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such infringement unless this Court enjoins Guardian.

24. On information and belief, Guardian's infringement of the '496 Patent is willful and deliberate, entitling Capital Safety to enhanced damages and its reasonable attorneys' fees and costs.

## COUNT III

### (Infringement of U.S. Patent No. 8,938,864)

25. On January 27, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,938,864 ("the '864 Patent"), titled "Connector."

11489047v1

Capital Safety owns all rights, title, and interest in and to the '864 Patent. A true and correct copy of the '864 Patent is attached to this Complaint as Exhibit C.

26.     By filing this Complaint, Capital Safety has complied with the statutory notice requirement in 35 U.S.C. § 287(a).

27.     Guardian has directly infringed, contributed to the infringement of, and/or induced infringement of the '864 Patent by making, using, offering to sell, selling, and/or importing in the United States products that practice one or more of the inventions claimed in the '864 Patent, including Guardian's "Ring of Fire" SRL bracket (Guardian Part No. 11055). A depiction of Guardian's "Ring of Fire" SRL bracket is reproduced below.



28.     Guardian's "Ring of Fire" SRL bracket embodies and is intended to practice the invention described and claimed in the '864 Patent.

29.     Guardian has profited by making, using, offering to sell, selling, and/or importing in the United States its infringing "Ring of Fire" SRL bracket.

30. As a result of Guardian's infringement of the '864 Patent, Capital Safety has suffered and will continue to suffer damage.

31. Capital Safety is entitled to recover from Guardian the damages it has suffered as a result of Guardian's unlawful acts.

32. On information and belief, Guardian intends to continue its infringement of the '864 Patent, and Capital Safety continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such infringement unless this Court enjoins Guardian.

33. On information and belief, Guardian's infringement of the '864 Patent is willful and deliberate, entitling Capital Safety to enhanced damages and its reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Capital Safety prays that the Court find in its favor and against Guardian and that the Court grant Capital Safety the following relief:

1. Judgment that Guardian infringes one or more claims of the '481 Patent, the '496 Patent, and the '864 Patent (collectively, "the Capital Safety Patents") either literally and/or under the doctrine of equivalents;

2. Judgment that Guardian account for and pay to Capital Safety all damages to and costs incurred by Capital Safety because of Guardian's infringement of the Capital Safety Patents;

3. An Order permanently enjoining Guardian, its parent company, subsidiaries, affiliates, sister companies, officers, agents, servants, employees, attorneys, distributors,

and all others in active concert or participation with Guardian, from infringing the Capital Safety Patents.

4. An Order requiring Guardian to deliver up, or cause to be delivered up, for destruction all products in Guardian's possession or control that infringe the Capital Safety Patents;

5. An Order declaring this to be an exceptional case and awarding Capital Safety its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285;

6. Judgment requiring Guardian to pay Capital Safety pre-judgment interest, in accordance with Minn. Stat. §§ 549.09(b) and (c)(2), at the legal rate of 10% per annum; and

7. Judgment or Order awarding Capital Safety such other relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Capital Safety hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

Date: February 26, 2015

**BOWMAN AND BROOKE LLP**

s/Steven L. Reitenour
Richard G. Morgan (#157053)
Timothy Mattson (#194517)
Steven L. Reitenour (#225691)
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Tel.: 612.339.8682
Fax.: 612.672.3200

***Attorneys for Plaintiff D B Industries, LLC, d/b/a Capital Safety USA***